UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| SHEILA OLIVER, *Pro Se*, | ) | Case No.: 1: 20 CV 2427 |
| | ) | |
| Plaintiff | ) | |
| | ) | JUDGE SOLOMON OLIVER, JR. |
| v. | ) | |
| | ) | |
| TOWD POINT MORTGAGE TRUST 2017, *et al.*, | ) | |
| | ) | |
| | ) | MEMORANDUM OF OPINION |
| Defendants | ) | AND ORDER |

**Background**

This is a fee-paid civil action filed by *pro se* Plaintiff Sheila Oliver. Plaintiff filed her Complaint on October 22, 2020 against four Defendants: Towd Point Mortgage Trust 2017, U.S. National Bank Association ("Towd Point"); Towd Point's legal counsel Manley, Deas, Kochalski LLC; Jocelyn Conwell, LLC; and Jocelyn Conwell. (Doc. No. 1.)

Although the Complaint is not entirely clear, it pertains to the Plaintiff's failure to make payments on her mortgage loan, her filing for bankruptcy, and the sale of her property. She alleges she signed an "unconscionable contract" to purchase her residence located on Lambert Road in Cleveland (*id.* at 2), and that after she fell several months behind in paying her mortgage, her attorney, Defendant Jocelyn Conwell, did not afford her "knowledge of different options regarding the foreclosure procedure" and did not give her any alternatives," including a short sale and lease option, "to keep her house." (*Id*. at 5.) She complains she was persuaded to think that her only

option was to file Chapter 7 Bankruptcy. (*Id*. at 6.)

In addition, the Plaintiff complains that after an order was entered on May 5, 2020 in her bankruptcy case granting a motion for relief from stay and abandonment, "the automatic stay was terminated as an abandonment of the subject property." (*Id.* at 5.) She complains her "property was never prosecuted in the proper manner" and that the subsequent sale of the property was somehow "fraudulent." (*Id*. at 10.)

Alleging violations of 42 U.S.C. § 1983, conspiracy to interfere with civil rights under 42 U.S.C. § 1985, and violations of 42 U.S.C. § 1986, as well as state-law claims for "malicious abuse of process" and intentional infliction of emotional distress, she seeks monetary damages. (*See id*. at 6-11, "Counts and Charges.")

Defendants Jocelyn Conwell, LLC and Jocelyn Conwell (collectively, "the Conwell Defendants") filed a motion for an extension of time to respond to the Plaintiff's Complaint on February 2, 2021, which the court granted on February 16, 2021, the same day the Plaintiff filed a Motion for Default Judgment (Doc. No. 8). The Conwell Defendants thereafter filed a Motion to Dismiss the Complaint as against them pursuant to Fed. R. Civ. P. Rule 12(b)(6). (Doc. No. 12.) That motion is now fully briefed.

In their motion, the Conwell Defendants argue that the Plaintiff's Complaint fails to state any plausible federal constitutional claim against them under § 1983 because they are not state actors, and that her Complaint otherwise fails to allege plausible state-law claims. The Conwell Defendants do not specifically address the Plaintiff's claims of conspiracy under 42 U.S.C. §§ 1985 and 1986. Additionally, neither of the other two Defendants (*i.e*., Manley, Deas, Kochalski LLC and Towd Point (collectively, the "Towd Point Defendants") has answered or otherwise responded to the

2

Plaintiff's Complaint, although an attorney at Manley, Deas has filed an appearance on behalf of Towd Point.

## Standard of Review

A complaint is subject to dismissal under Fed. R. Civ. P. 12(b)(6) if it fails to state claim on which relief may be granted. To survive a Rule 12(b)(6) dismissal, the "complaint must present 'enough facts to state claim to relief that is plausible on its face'" when its well-pleaded factual allegations are presumed true and all reasonable inferences are drawn in the non-moving party's favor. *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross and Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008), citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). Although *pro se* pleadings generally are entitled to a liberal construction, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), even *pro se* complaints must satisfy this standard to avoid a dismissal. *See Barnett v. Luttrell*, 414 F. App'x. 784, 786 (6th Cir. 2011).

Further, "[i]t is well-established that the federal courts are under an independent obligation to examine their own jurisdiction." *Kusens v. Pascal Co., Inc*., 448 F.3d 349, 359 (6th Cir. 2006). Federal district courts "may, at any time, *sua sponte* dismiss" any complaint, even a fee-paid complaint, "for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of [the] complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999).

## Discussion

Upon review, the court finds that all of the Plaintiff's federal claims in this case are subject to dismissal pursuant to Rule 12(b)(6) and/or *Apple v. Glenn*.

In order to state a claim under § 1983, a plaintiff must allege that she suffered a deprivation of a right secured by the federal Constitution or laws of the United States by a person acting under color of state law. *Smith v. Hilltop Basic Resources, Inc.*, 99 F. App'x 644, 645–46, (6th Cir. 2004). As the Conwell Defendants assert in their motion (*see* Doc. No. 12 at 4) and the Plaintiff concedes in her opposition brief (*see* Doc. No. 14 at 1), Defendant Jocelyn Conwell is a private attorney practicing in her private law firm, Jocelyn Conwell LLC, and represented the Plaintiff in a bankruptcy proceeding. Private attorneys do not act under color of state law and are not state actors for purposes of § 1983 by virtue of representing clients in court proceedings. *Smith*, 99 F. App'x 644. Accordingly, the Conwell Defendants cannot be held liable under § 1983.

Additionally, even though the Towd Point Defendants have not answered or otherwise responded to the Plaintiff's Complaint, the court on its own review finds that the Complaint on its face indicates that they, too, are not state actors subject to suit for constitutional violations under § 1983. The Plaintiff's Complaint and attachments indicate that Towd Point is a private creditor in connection with the Plaintiff's mortgage loan and that Manley Deas is a private law firm. Nothing in the Plaintiff's Complaint suggests that either of the Towd Point Defendants engaged in state action in any way in connection with the Plaintiff's mortgage loan or bankruptcy. Accordingly, the court finds the Plaintiff's Complaint is implausible and devoid of merit to the extent it alleges claims under § 1983 against any of the Defendants in the case.

Further, upon its own review, the court finds the Plaintiff's Complaint totally implausible and devoid of merit to the extent it alleges federal claims against any of the Defendants under 42 U.S.C. §§ 1985 and 1986.

Section 1985 provides remedies to private persons injured by certain conspiracies to violate civil rights. But § 1985 does not apply to all alleged conspiratorial conduct. It applies only to conspiracies involving racial, or other traditionally cognizable class-based discriminatory animus. *Radvansky v. City of Olmsted Falls*, 395 F.3d 291, 314-15 (6th Cir. 2005); *see also Miller v. Countrywide Home Loans*, 747 F.Supp. 2d 947, 955 (S.D. Ohio 2010). To state a claim, a plaintiff must demonstrate: (1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges or immunities of the laws; (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States. *Radvansky*, 395 F.3d at 314.

Nothing in the Plaintiff's Complaint is suggestive of the elements. The Plaintiff's Complaint is premised on her contentions that her lawyer did not provide her alternatives to filing for bankruptcy after she admittedly fell behind in making her mortgage payments and/or that proper foreclosure procedure was somehow not followed in her case. Nothing alleged in her Complaint suggests that she claims, or could claim, a conspiracy involving racial or other traditionally cognizable class-based discriminatory animus. Accordingly, the court finds her claims under § 1985 subject to dismissal under *Apple v. Glenn* as without merit.

The court likewise finds her claims under § 1986 subject to dismissal. "Where [a] plaintiff has stated no cause of action under § 1985, no cause of action exists under § 1986." *Braley v. City of Pontiac*, 906 F.2d 220, 227 (6th Cir. 1990).

In sum, upon its own review of the Plaintiff's Complaint and the Conwell Defendants' Motion to Dismiss, the court finds that all of the Plaintiff's alleged federal claims are subject to

dismissal either under Rule 12(b)(6) and/or *Apple v. Glenn.*

## Conclusion

Accordingly, the Conwell Defendants' Motion to Dismiss the Plaintiff's Complaint (Doc. No. 12) is granted with respect to her § 1983 claims, and all of the Plaintiff's remaining federal claims in the case are dismissed pursuant to the court's authority established in *Apple v. Glenn*. The Plaintiff's Motion for Default Judgment (Doc. No. 8) is denied as moot.

There being no viable federal claim in the case, the court declines to exercise supplemental jurisdiction over the Plaintiff's state-law claims, which are better resolved by the Ohio courts. The state-law claims, accordingly, are dismissed without prejudice. *See Perry v. Se. Boll Weevil Eradication Found.*, 154 F. App'x 467, 478 (6th Cir. 2005) ("Although the plaintiffs may very well have valid state-law tort claims, once the district court dismissed the core federal claims from the case, it was appropriate for it to dismiss, without prejudice, the state claims, so that the plaintiffs may pursue these claims in a more appropriate forum.").

The court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

    /s/ SOLOMON OLIVER, JR.
    SOLOMON OLIVER, JR.
    UNITED STATES DISTRICT JUDGE

Dated: April 28, 2021